UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BYRON WHITE (#2014-0918251), ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 16 C 7120 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| COOK COUNTY, et al., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff's complaint [1] is dismissed without prejudice for failure to state a claim. If Plaintiff wants to proceed with this lawsuit, he must submit an amended complaint that states a federal claim. Failure to submit an amended complaint by October 28, 2016 will result in dismissal of this lawsuit for failure to state a claim. Ruling on Plaintiff's application for leave to proceed *in forma pauperis* [3] and motion for attorney representation [4] is deferred. The Clerk is directed to send Plaintiff an amended complaint form and instructions along with a copy of this Order.

## STATEMENT

Plaintiff Byron White, an inmate at Cook County Jail, brings this *pro se* civil rights action under 42 U.S.C. § 1983 and state law. White's complaint, which is unsigned and consists of only three pages, identifies seven defendants to this lawsuit but sets forth no allegations whatsoever against Defendants. Before the Court are White's application to proceed *in forma pauperis* and his complaint for initial review under 28 U.S.C. § 1915A.

White's complaint must be dismissed. Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock*, 549 U.S. 199, 214, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give

the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted) (internal quotation marks omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570).

The complaint submitted by White contains no facts whatsoever, and so the Court cannot properly screen the pleading. If White wants to proceed with this lawsuit, he must submit an amended complaint that sets forth a short statement of facts, *see* Fed. R. Civ. P. 8, explaining at a minimum: (1) the identity of the individuals involved in the events giving rise to his complaint; (2) where the alleged events took place; (3) the date or dates on which the alleged events took place; and (4) facts showing how each named Defendant was involved in the alleged events. White's statement need not be very long, but it must be more detailed than what currently is before the Court. Any description also must include *facts* and not legal conclusions.

White also must sign his amended complaint and complete the certification on page six of the form complaint. Federal Rule of Civil Procedure 11 mandates that every pleading must be signed by the party (or his attorney) bringing the action. Fed. R. Civ. P. 11(a). The Court will not consider an unsigned, unattested pleading.

Accordingly, the Court dismisses White's complaint without prejudice for failure to state a claim. The Court defers ruling on Plaintiff's application for leave to proceed *in forma pauperis* [3] and motion for attorney representation [4].

If White wants to proceed with this lawsuit, he must submit an amended complaint that states a federal claim. Any amended complaint must be submitted on the Court's required form. *See* Local Rule 81.1. Any amended complaint also must comport with Federal Rule of Civil Procedure 11; Rule 11 provides that by signing a pleading, a party represents to the Court that his claims are warranted by existing law and that the factual contentions have evidentiary support or likely will have evidentiary support after further investigation. Fed. R. Civ. P. 11(b). White must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. White is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint without reference to the original complaint. Any exhibits White wants the Court to consider in its threshold review of the amended complaint also must be attached. White is advised to keep a copy for his files.

The Clerk will provide White with an amended civil rights complaint form and instructions along with a copy of this Order. Failure to submit an amended complaint by the date set forth above will result in dismissal of this lawsuit for failure to state a claim.

Date: September 8, 2016                                /s/ Sara L. Ellis