UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BYRON WHITE (#2014-0918251), ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 16 C 7120 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| COOK COUNTY, et al., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff's amended complaint [8] is dismissed without prejudice for failure to state a claim. If Plaintiff wants to proceed with this lawsuit, he must submit a second amended complaint that states a federal claim. Failure to submit a second amended complaint by December 30, 2016, will result in dismissal of this lawsuit for failure to state a claim. Ruling on Plaintiff's application for leave to proceed *in forma pauperis* and motion for attorney representation is deferred. The Clerk is directed to send Plaintiff an amended complaint form and instructions along with a copy of this Order.

## STATEMENT

Plaintiff Byron White, an inmate at Cook County Jail, brought this *pro se* civil rights action under 42 U.S.C. § 1983 and state law. The Court dismissed White's original complaint for failure to state a claim but allowed leave to amend. White alleges in his amended complaint that he was housed in Division 6, Tier 1-Q from November 2015 to January 2016. The toilets on the bottom half of the tier backed up on several occasions during that time, causing raw sewage to discharge from the toilets. On one occasion, inmates were moved to another tier. On other occasions, inmates were held in the recreation area until the area was cleaned and sanitized. The tier, however, continued to smell like sewage for days. White also alleges that, on one occasion, he slipped and fell in his cell, but it is unclear what caused his fall. White believes that the plumbing problems in Division 6 have been going on for years, and he believes that jail officials have taken inadequate steps to address the problem. He also alleges that the jail's failure to adequately address the plumbing problems exposed him to a substantial risk of serious harm. Before the Court is White's amended complaint for initial review under 28 U.S.C. § 1915A.

White's amended complaint must be dismissed. Like with White's original complaint, the Court must review White's amended complaint and dismiss the complaint, or any claim therein, if the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *Jones v. Bock*, 549 U.S. 199, 214, 127 S. Ct. 910, 166 L. Ed. 2d 798

(2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). At this juncture, the factual allegations of a plaintiff's complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

To state a conditions-of-confinement claim, a pretrial detainee must satisfy two criteria. First, the detainee's allegations must show that he has been subjected to conditions that deny "the minimal civilized measure of life's necessities." *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (citation omitted); *County of Sacramento v. Lewis*, 523 U.S. 833, 849–50, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998) (explaining that deliberate indifference claims against jail personnel arise under Fourteenth Amendment rather than Eighth Amendment but are analyzed under same standard). Conditions that deprive an inmate of basic human needs—food, medical care, sanitation, or physical safety—may satisfy this standard. *Rhodes v. Chapman*, 452 U.S. 337, 346–48, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981). Second, the detainee's allegations must show that the defendants knew of and disregarded an "excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837–38.

White's claim fails on both prongs. While an inmate's exposure to raw sewage may give rise to a constitutional violation, *see, e.g.*, *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (finding inmate stated claim where he allegedly was deprived of basic sanitation items and confined for six days to cell in which blood and feces smeared on walls, water covered floor, and sink and toilet did not work), it is unclear whether White, rather than the tier in general, was exposed to raw sewage and for how long. That is, it is unclear whether White was housed in one of the cells on the bottom of the tier that was directly affected by sewage discharge, how long sewage remained in the cell before evacuation of the tier occurred, or whether White was directly exposed to raw sewage. Cases in which claims have been allowed to proceed involve allegations that are substantially more severe than those alleged here. *See, e.g.*, *id.*; *Johnson v. Pelker*, 891 F.2d 136,139–40 (7th Cir. 1989) (concluding that prisoner stated claim where he was confined for three days to cell smeared with human feces and no running water); *Baker v. Hertz*, No. 15-cv-600-JPG, 2015 WL 4052366, at *4–6, 13 (S.D. Ill. July 2, 2015) (finding pretrial detainee stated claim where he alleged that raw sewage backed up into shower for more than one month, causing him to come into contact with it each time he showered; toilets discharged raw sewage on no fewer than five occasions, covering cell block four inches deep in waste; he had to walk through sewage to save his property; he had to clean up sewage himself, without gloves or other protective gear, and had no water to clean waste off his hands before eating; and he became ill as a result of his exposure to raw sewage). If White's exposure was intermittent, short lived, or quickly rectified, the conditions likely do not rise to the level of a constitutional violation.

White also alleges facts showing that jail officials responded to the plumbing issues, albeit not to his satisfaction. In particular, White alleges that inmates were moved from the affected areas so that the tier could be cleaned and sanitized before they were returned to the area. White seems to believe that jail personnel could have done more, which may be true, but liability under § 1983 is triggered only by a showing that officials knew of and disregarded an "*excessive* risk to inmate health or safety." *Farmer*, 511 U.S. at 837–38 (emphasis added); *see*

2

*Wilson v. Seiter*, 501 U.S. 298, 299–302, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (rejecting reading of Eighth Amendment that allows liability to be imposed merely by presence of objectively inhumane conditions). The mere fact that jail officials allegedly had been battling plumbing problems in Division 6 for several years, without more, is insufficient to make such a showing.

White is very critical of the jail's response to the plumbing problems and seems to believe that the jail breached some duty it owed to inmates by failing to close the tier in light of its inability to correct the plumbing problems. Establishing deliberate indifference to an inmate's safety, however, "requires more than a showing of negligent or even grossly negligent behavior." *Fisher v. Lovejoy*, 414 F.3d 659, 662 (7th Cir. 2005). White also may not proceed on a state-law negligence claim in this Court absent a federal claim. Accordingly, the Court dismisses White's amended complaint without prejudice for failure to state a claim.

White is granted one final opportunity to submit a pleading that states a federal claim. Thus, if White wants to proceed with this lawsuit, he must submit a second amended complaint that states a federal claim. Any amended complaint must be submitted on the Court's required form. *See* Local Rule 81.1. Any amended complaint also must comport with Federal Rule of Civil Procedure 11; Rule 11 provides that by signing a pleading, a party represents to the Court that his claims are warranted by existing law and that the factual contentions have evidentiary support or likely will have evidentiary support after further investigation. Fed. R. Civ. P. 11(b). White must write both the case number and the judge's name on the second amended complaint, sign it, and return it to the Prisoner Correspondent. White is cautioned that an amended pleading supersedes prior pleadings and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the second amended complaint without reference to prior pleadings. Any exhibits White wants the Court to consider in its threshold review of the second amended complaint also must be attached. White is advised to keep a copy for his files.

The Clerk will provide White with an amended civil rights complaint form and instructions along with a copy of this order. Failure to submit a second amended complaint by the date set forth above will result in dismissal of this lawsuit for failure to state a claim.

Date:   November 22, 2016                            /s/ Sara L. Ellis