UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BYRON WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | 17 C 7120 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Sara L. Ellis |
| COOK COUNTY, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

NOW COME Defendants, Cook County, Superintendent Thomas, Commander Tate, and Sergeant McCoy, by their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her assistant, Jordan L. Matthis, and answer Plaintiff's Amended Complaint as follows:

Introduction

1. This action arises out of violations of the 8th and 14th amendments to the U.S. Const. where defendants deliberately disregarded a threat to Plaintiff's health and safety where they housed Plaintiff in a cell in Cook Co. Jail Div 6, on the bottom tier that repeatedly backs up raw sewage through all the toilets on the bottom tier, including the toilet in his cell. Thereby exposing plaintiff to human wastes. Plaintiff also seeks the tort of negligence against defendants and indemnification against Cook County.

**Answer**: Defendants admit there was a flood from the toilets in Div. 6 but deny the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Plaintiff is currently a pretrial detainee at Cook County jail.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. While in custody he was residing on tier 1Q in Div 6, cell 6 on the bottom tier on or around Nov 2015 through June 2016.

**Answer**: Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. While being housed there, all the toilets on the bottom tier, including the toilet in plaintiff's cell while he was in there backed up raw sewage, spewing out violently leaving 3 to 4 inches of raw sewage, fecal matter and human wastes in plaintiff's cell while he was in it. This happened on several occasions during his stay there. On one occasion it occurred very early in the morning plaintiff was awakened to the sounds of inmates screaming and the sounds of raw sewage coming out of the toilet out on the tier. One occasion plaintiff slipped and fell in the cell causing substantial pain and injury. He slipped because there was over 3 inches of raw sewage in his cell he was attempting to save his property.

**Answer**: Defendants admit there was a flood on tier 1Q but deny that all toilets on the bottom tier backed up and were violently spewing out raw sewage, fecal matter, and human waste. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. The administration did not adequately sanitize the tier. Some of the occasions the plaintiff was come back up to the tier and there would still be fecal matter stuck on the walls in his cell and under the floor tiles in his cell. The smell lasted weeks on end.

**Answer**: Defendants deny the administration did not adequately sanitize the tier and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.	The plumbers (DFM employees 1 and 2) were asked by inmates what's wrong with the plumbing. They simply shrugged their shoulders stating "I don't know we rodded it out already" while eating sunflower seeds.

**Answer**:	Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.	Sgt. McCoy, the commander and superintendent all admitted that this has been occurring for "years". But Thomas admitted the issue is a lot "bigger than you all think it is"

**Answer**:	Defendants deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.	One occation, while plaintiff was housed on 1-Q, CCDOC records indicated the tier was "closed", when in fact it was not.

**Answer**:	Defendants admit there was an occasion when Tier 1-Q was closed but deny the remaining allegations in Paragraph 8 of Plaintiff's Complaint as neither Plaintiff nor any inmates were housed on Tier 1-Q at that time it was closed.

9.	Sgt. McCoy came to the tier and stated "it's" not that bad your all acting like you never smelled it before."

**Answer**:	Defendants deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.	All of the defendants had first hand knowledge that there was a serious health risk posed to inmates health because it was occurring for "years" and knew, if they didn't know how to fix it, then had a duty to close down and secure the area. This happened several occations within the knowledge of all defendants while, plaintiff was housed there. Every defendant McCoy, Thomas, the plumbers and their supervisor knew a few things to make their actions rise

to (or inactions) the level of deliberate indifference. Firstly they knew that it repeatedly occurs, secondly they knew most of the time, when it does occur-that inmates are locked in their cells, they know that when it happens, it happens violently, and includes multiple inches of human wastes, urine fecal matter and leaves inmates like plaintiff to walk around in their cells and be repeatedly exposed to it while trying to save their property. They knew that the problem was "a lot bigger" than simply rodding out a pipe and intentionally kept the tier open when their general orders/policies mandate them to permanently close it. The defendants foreseen every instance that Plaintiff was forced to be exposed to a pond of sewage in own cell. They knew it was going to happen before it happened, but allowed him to be exposed anyway.

  **Answer**:  Defendants deny the allegations contained in Paragraph 10 of Plaintiff Complaint.

  11.  A couple of the occasions plaintiff was forced to stay in his cell for over an hour by the defendants in the fecal matter. On another occasion they simply gave plaintiff a broom.

  **Answer**:  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

  12.  Some of the occasions plaintiffs water was completely turned off in his cell leaving him no ability to even clean up on his own.

  **Answer**:  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint.

  13.  Plaintiff by being exposed to fecal matter intentionally by defendants caused him to be suseptable to diseases such as hepatitis, shingella and other serious diseases. He need not contract a disease for it to be a constitutional violation. Since exposure itself to future risk of harm is actionable.

**Answer**: Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Plaintiff slipped and fell while attempting to save his property. He contracted a form of a skin rash or irritation from the occurrence which was eventually treated after months of complaints.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. The Defendants knew of the foreseeable risk of exposure to human wastes and deliberately disregarded the risk they created the inevitable scenario where plaintiff would be exposed to inches of raw human wastes in his cell and knew that fecal matter stayed stuck on his walls in his cell and under the floor tiles in the cell for week on end if not months without giving him the proper supplies to clean it.

**Answer**: Defendants deny they deliberately disregarded a foreseeable risk of exposure to human wastes and lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. The defendants actions or inactions caused plaintiff injury and months upon months of exposure and occurrence upon occurrence. It took defendants 3 to 4 months to finally close the tier and permanently move plaintiff something they were supposed to do immediately according to their policies/G.O's.

**Answer**: Defendants deny Plaintiff's injury and that he suffered exposure for months upon months and lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

Count I:
Deliberate Indifference to Safety
And Health Against Tate, McCoy & Thomas

17. Plaintiff incorporates by reference paragraphs 1-16 as though fully set forth in this Count I.

**Answer**: Defendants incorporate by reference answers to paragraphs 1-16 as though fully set forth in this Count I.

18. CCDOC responded to the multiple grievances by stating that the issue was "resolved" while at the same time knowing that the issue was in fact not resolved. They made no meaningful assessment of the status of their repairs, if any orders at all.

**Answer**: Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. McCoy, Tate and Thomas are all liable for deliberate indifference to safety and health as that, they sat by and allowed it to occur on multiple occasions, while plaintiff was housed there when they had a duty to close down the area if a repair issue cannot be resolved.

**Answer**: Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. They all had personal knowledge that the risk of exposure to human waste existed and intentionally disregarded that imminent risk knowing plaintiff will have to live through the ordeal over and over again and possibly contract hepatitis, shingella or other serious disease.

**Answer**: Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

Count II:<br>
Deliberate Indifference to Safety<br>
And Health Against DRM Employees 1, 2 & 3

21. Plaintiff incorporates by reference paragraphs 1-20 as though fully set forth in this Count 2.

**Answer**: Defendants incorporate by reference answers to paragraphs 1-20 as though fully set forth in this Count 2.

22. CCDFM employees 1, 2 (plumbers) and their supervisor (DFM #3) were all deliberately indifferent to plaintiffs health and safety. They knew that rodding out a pipe for years, however many times was not the source of the problem, but because of laziness and not having the necessary experience, knowledge or training-intentionally took the easy route and did work they knew wouldn't resolve the problem. Some occasions they were seen laughing about the situation. They knew the real problem was difficult and costly to fix and intentionally didn't fix it.

**Answer**: Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

Count III:<br>
Negligence against all Defendant

23. Plaintiff incorporates by reference paragraphs 1-23 as though fully set forth in this Count III.

**Answer**: Defendants incorporate by reference answers to paragraphs 1-23 as though fully set forth in this Count III.

24. Defendants are all responsible for providing plaintiff with a safe and healthy shelter and overall living environment. And in the event they shelter gets compromised, they were duty bond to immediately address it or close the area down. Defendants owed plaintiff a

duty of care and they breached that duty, by further exposing plaintiff to raw sewage and human wastes.

**Answer**: Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's complaint.

Count IV:<br>Indemnification

25. Plaintiff restates para. 17.

**Answer**: Defendants restate the answer in Paragraph 17.

26. Cook County is the indemnifying entity for the actions or inactions of the defendants described above. Plaintiff demands that in the event the defendants are to be found liable for one or more of the claims set forth herein, that Cook County be found liable for any damages incurred thereon.

**Answer**: Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

Conclusion

27. Plaintiff suffered physical and emotional injuries while being exposed to human wastes. He slipped and fell which caused substantial injury and pain. He has or feels constant anxiety, stress and nightmares since then. When a toilet flushes he jumps down from the bunk in fear thinking it always reoccurring. Plaintiff is entitled to compensatory and punitive damages and seeks the same.

**Answer**: Defendants deny Plaintiff is entitled to any relief and lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

NOW COME Defendants, Cook County, Superintendent Thomas, Commander Tate, and Sergeant McCoy, by and through their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, and through her assistant, Jordan L. Matthis, assert the following affirmative defenses:

1. Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a). *See Dale v. Lappin*, 376 F. 3d 652, 655 (7th Cir. 2004).

2. Defendants cannot be held personally liable under § 1983 under a theory of *respondeat superior*. *See Monell v. New York Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).

3. Defendants conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights. Accordingly, the Defendants are entitled to the defense of qualified immunity.

4. Defendants reserve the right to amend their affirmative defenses at any point throughout the course of discovery.

## JURY DEMAND

With regard to any issue that may be appropriately heard by a jury in this cause of action, Defendants hereby demand a jury trial.

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

BY:*/s/ Jordan L. Matthis*
Jordan L. Matthis
Assistant State's Attorney
Cook County State's Attorney's Office

500 Richard J. Daley Center
Chicago, Illinois 60601
(312) 603-5527